### E. G. HEINS v. C. A. HEINS AND ANOTHER.
### C. A. KUSKE, APPELLANT.[1]

May 5, 1922.

No. 22,729.

**Payee of note waived notice of nonpayment and guaranteed note to plaintiff.**
     The plaintiff sued the defendants on a note made by the defendants Heins to the defendant Kuske and by the latter indorsed to the plaintiff. The note was not paid and notice of nonpayment was not given. The plaintiff claims that when he took the note the defendant Kuske in writing waived notice of nonpayment and guaranteed it. The note was given upon the exchange of lands, and the defendants Heins claim that in the exchange they were defrauded in an amount exceeding the note. The plaintiff and the defendant Kuske were concerned in the

[1]Reported in 188 N. W. 259.

exchange so that the plaintiff could not be a bona fide purchaser. The case was submitted on the issues stated. No issue between the plaintiff and the defendant Kuske as to the effect between themselves of a finding of fraud in the exchange of the lands was litigated. It is *held* that the evidence sustains a finding that the defendant Kuske waived notice of nonpayment and guaranteed the note, and that the defendants were damaged by fraud in the exchange of the lands as claimed, and sustains the verdict in favor of the plaintiff and against the defendant Kuske, and in favor of the defendants Heins.

Action in the district court for Renville county to recover $2,080 upon a promissory note. The case was, tried before Daly, J., and a jury which returned a verdict in favor of plaintiff for $3,654.72 against C. A. Kuske. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, C. A. Kuske appealed. Affirmed.

*D. F. Nordstrom* and *John A. Dalzell,* for appellant.

*George F. Gage,* for respondent.

DIBELL, J.

Action to recover upon a promissory note made by the defendants C. A. Heins and Warren H. Heins to the defendant C. A. Kuske and by the latter indorsed to the plaintiff E. G. Heins. There was a verdict against the defendant Kuske and in favor of the defendants Heins. Kuske appeals from the order denying his alternative motion for judgment notwithstanding the verdict or a new trial.

The note was for $2,080, was dated July 1, 1909, and was due five years after date. In 1912 Kuske for a consideration indorsed it to the plaintiff. It was never paid. Notice of nonpayment was not given to Kuske. He is bound if at all by the guaranty and waiver which is written above his indorsement. The plaintiff claims that it was put there before delievry. Kuske claims it was not put there until afterwards. That was his defense. The issue was one for the jury upon disputed evidence and the verdict ends the controversy.

The defense of the two Heins was that the note was given as boot money in exchange of a hotel property owned by them in Renville

for property in Wisconsin either owned or controlled by Kuske. The plaintiff and Kuske were engaged as partners in selling real estate. The two Heins claim that the character of the Wisconsin land was fraudulently misrepresented to them and that by the fraud they were damaged in an amount exceeding the $2,080 boot money note. If the defense was good against Kuske it was good against plaintiff for they constituted a partnership and the partnership was concerned in the exchange. The evidence was sufficient to sustain a finding of fraud and the verdict for the two Heins is sustained.

The only defense interposed by Kuske was that he did not guarantee the note nor waive notice of nonpayment. The only defense interposed by the two Heins is that stated. The case was tried and the two issues were submitted to the jury without objection. Nothing was litigated between the plaintiff and Kuske as to the rights between themselves if the note to the latter was induced by fraud.

Order affirmed.